## THE LYRA.

### FEDERAL SUGAR REFINING CO. v. McDONALD.

(Circuit Court of Appeals, Ninth Circuit. February 3, 1919.)

#### Nos. 3214, 3215.

1. SHIPPING ⬖132(3)—SUIT FOR DAMAGE TO CARGO—BURDEN OF PROOF.
   Where the charterer of a steamship furnishes the whole cargo, and loads and discharges with its own stevedores, the vessel is not a common carrier, and the burden rests upon the charterer to affirmatively prove negligence, causing damage to the cargo.

2. SHIPPING ⬖132(5)—DAMAGE TO CARGO—LIABILITY OF VESSEL.
   Evidence *held* to sustain a finding that damage to a cargo of sugar, by caking of the sugar in some of the sacks, was not due to negligence of the ship, but to exposure of the sacks to moisture from one to three days on barges before loading by libelant.

3. SHIPPING ⬖132(1)—SUIT FOR DAMAGE TO CARGO—COSTS.
   In a suit by a shipper to recover for damage to cargo, where libelant retained from freight due more than double the amount of damages proved, it was not error to dismiss the libel, with costs to respondent.

4. ADMIRALTY ⬖121—COSTS—DISCRETION OF COURT.
   In admiralty, the matter of costs rests in the discretion of the court.

Appeal from the District Court of the United States for the First Division of the Northern District of California; M. T. Dooling, Judge.

Suits in admiralty by the Federal Sugar Refining Company against the American steamship Lyra, and by J. A. McDonald, master of the Lyra, against the Federal Sugar Refining Company. From the decrees, the Sugar Refining Company appeals. Affirmed.

See, also, 231 Fed. 250.

McCutchen, Olney & Willard, of San Francisco, Cal., for appellant.

William Denman and Denman & Arnold, all of San Francisco, Cal., for appellee.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge. In May, 1910, the appellant shipped from the port of New York to San Francisco, by way of Cape Horn,

112,000 sacks of sugar on the steamer Lyra. The voyage occupied 71 days, and on the termination thereof, it was found that 30,000 sacks of the sugar were caked. For that and other damage to the cargo the appellant filed its libel, alleging that the caking was due to improper stowage, care, and custody of the sugar, in that it was improperly dunnaged and protected, and that the compartment of the steamship in which it was stowed was insufficiently ventilated, by reason whereof the steamship and the sugar were caused to sweat, and that the sweat moistened, hardened, and caked the sugar. It also alleged in its libel that it had paid all of the freight on the sugar, except the sum of $5,764.27, which it had retained and credited in part payment on the damage to the cargo, which it alleged to be $19,-050.77, and judgment was demanded for the balance of $13,286.50.

The master of the steamship brought a libel against the appellant to recover the remainder of the freight money, $5,764.27, and interest thereon. The two libels were consolidated for trial in the court below. It was stipulated that the appellant was damaged in the sum of $2,-548.40, by reason of injury to the sugar from causes other than from caking. The court below found upon the evidence that the caking of the sugar was caused, not by improper stowage or want of ventilation, but by exposure to moisture in the process of loading the same at the port of departure, and denied the liability of the appellee for damages therefor.

[1] The appellant chartered the steamship, furnished the whole cargo, and loaded and discharged her with its own stevedores. The charter party recited:

"Bills of lading to be signed without prejudice to this charter, but not less than charter rates."

The steamship was therefore not a common carrier, and the burden was cast upon the appellant to prove negligence affirmatively. The Eri, 154 Fed. 333, 83 C. C. A. 205; The Wildenfels, 161 Fed. 864, 89 C. C. A. 58; The Royal Sceptre (D. C.) 187 Fed. 224; The Rokeby (D. C.) 202 Fed. 322.

[2] We might properly dispose of the questions of fact involved on this appeal, by applying the rule that findings of fact in an admiralty case, made by a trial court on conflicting evidence for the most part taken in open court, should not be disturbed by an appellate court, except for manifest error (The Beaver, 253 Fed. 312, —— C. C. A. ——, and cases there cited); but, in view of the earnest contention of the appellant that the finding of the court below is against the decided weight of the evidence, we have given the record careful consideration. We deduce from it the following conclusions:

First. There is ample evidence to indicate that at the time of loading the cargo was exposed to conditions which would naturally account for the caking of the sugar. The sugar was conveyed to the vessel on barges, and it lay on the barges from one to three days. It was sacked while warm, having come fresh from a system of hot-air driers, and in that condition it was placed upon the barges. The evidence was that warm sugar exceptionally attracts and absorbs moisture from the air, and that above a body of water, to an altitude of from 12 to 15

feet, moisture ranges from 75 to 100 degrees, and that, when it is 80 degrees or more, it will be absorbed by sacked sugar. The weather during the period of loading was changeable, and occasional showers occurred. The appellant insists that the sugar while on the barges was protected by coverings against moisture; but the evidence is that, during the process of loading the sugar on the barges, there was no covering whatever, that the coverings which were used were on the sides, to protect the sugar against spray, with an A-shaped tent above to protect it against rain, and that through the ends of the tent covering the air was permitted to pass over the topmost layers of the sacks.

Second. The condition in which the sugar was found when unloaded from the ship can be explained on no theory other than that the moisture which caused the caking was absorbed while the sugar was on the barges. The testimony of the appellant's stevedores and others is that about 10 per cent. of the caked sacks were on the surface, that sacks of caked sugar were found alongside of others that were wholly free from caking, and that groups of caked sacks were found in the interior of the piles, surrounded by sacks that were not caked. The testimony of the master and the mate of the steamship is relied upon by the appellant as indicating that the sugar was caked only on the tops and outsides of the piles as it was stowed in the vessel. But their inspection was made before unloading, by feeling the sacks, and there they found, as they testified, a small percentage of the sacks caked. They testified nothing of the condition of the interior of the piles, and their testimony is not in real conflict with that of the stevedores. As the court below said:

"If, in the present instance, the moisture were absorbed after the sugar was stowed, you would expect to find the outer layers most affected; but, if the moisture was absorbed before the sugar was stowed, we would expect to find the conditions actually existing—that is to say, if the load or any portion of it upon any lighter absorbed moisture sufficient to produce caking, we would find the caked sugar distributed just as the moist sugar from the lighter was stowed."

[3, 4] The appellant assigns error to the form of the decree and the allowance of costs. This matter was brought to the attention of the court below, and the court held that the appellant was not entitled to a decree for any amount upon its libel, since it had withheld from the shipowner more than twice as much in freight as it had suffered in damages, and therefore was not entitled to a decree for $2,548.40 for its damages and costs; that, if that action stood alone, it would be dismissed, for the reason that the appellant retained of freight money belonging to the appellee $3,215.87 in excess of any damage for which the ship was liable; and that the appellant could not in any view be regarded as the prevailing party. The court directed a decree that the appellant's libel be dismissed, with costs to the appellee, and that upon the appellee's libel the appellee recover $3,215.87, with interest and costs. We discover no error in those rulings. The matter of costs rested in the discretion of the court below. The Maggie J. Smith, 123 U. S. 349, 356, 8 Sup. Ct. 159, 31 L. Ed. 175.

The decree is affirmed.